UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
THEODORE O. WILSON III,

                Plaintiff,

        - against -

ADA KELLY SESSOMS-NEWTON, D.I.
JANET HELGESON,

                Respondent.
------------------------------------------------------x

**MEMORANDUM & ORDER**
14-CV-0106 (PKC)(ST)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Theodore Wilson, proceeding *pro se*, filed this action on September 5, 2017, seeking reconsideration of the Court's August 17, 2017 Order granting Defendants' motion for summary judgment. (Dkt. 170.) For the reasons stated herein, Plaintiff's motion is denied.

## BACKGROUND

    The Court assume the parties' familiarity with the facts in this case. In 2014, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants ADA Kelly Sessoms-Newton and D.I. Janet Helgeson unlawfully entered the property in which Plaintiff lived and stole his belongings, in violation of his Fourth Amendment rights. (Dkts. 1, 6.) On August 17, 2017, the Court granted Defendants' motion for summary judgment. (Dkt. 165.) On September 5, 2017, Plaintiff filed his motion for reconsideration requesting that the Court grant "an entire reconsideration [and] reargument" of the summary judgment motion. (Dkt. 170, at 2.)

## STANDARD OF REVIEW

    The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Vill. of Patchogue*, 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (internal citations and quotation marks omitted); *see also*

*Hernandez v. Doe*, No. 16-CV-2375 (KAM)(LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *SBC 2010–1, LLC v. Morton*, Nos. 13–714, 13–1161, 2013 WL 6642410, at *1 (2d Cir. Dec. 18, 2013) (citation omitted); *see Massop v. U.S. Postal Serv.*, 493 F. App'x 231, 232 (2d Cir. 2012). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted); *see also Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991).

## JURISDICTION

Although Plaintiff filed both a Notice of Appeal and a motion for reconsideration of the summary judgment motion on September 5, 2017 (*see* Dkts. 168, 170), this Court has the "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982). While Plaintiff does not label it as such, the Court construes Plaintiff's filing as a motion to "alter or amend a judgment" under Fed. R. Civ. P. 59(e) and finds that it is timely since it was "filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## ANALYSIS

Plaintiff raises, for the first time, the argument that "the evidentiary statements this Court used [and relied on], from Defendants, was/were hearsay." (Dkt. 170 at 3,4; Dkt. 171, at 1,7.) The Court may not consider a new argument on a motion for reconsideration when it could have been previously raised. *See Morton*, 2013 WL 6642410, at *1; *Woodard v. Hardenfelder*, 845 F.Supp.

2

960, 966 (E.D.N.Y. 1994). But even if the Court were to consider this defaulted argument, it would not alter the result. Federal Rule of Civil Procedure 56(c) requires affidavits submitted in connection with a summary judgment motion to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "When an affidavit does not comply with these basic requirements, the offending portions should be disregarded by the court." *Wahad v. F.B.I.*, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) (citing *United States v. Alessi*, 599 F.2d 513, 514–15 (2d Cir.1979)). Plaintiff fails to identify any specific statements in Defendants' affidavits that are not based "on personal knowledge" or that would be inadmissible in evidence. For example, the affidavit of Lisa Thomas, the legal owner of the property Plaintiff was squatting in, only set forth facts sworn to be within Thomas's personal knowledge, such as whether Plaintiff had her permission to be on the premises. (Aff. of Lisa Thomas, Dkt. 153-7, at ¶¶ 11, 19-21.) This is also true of Defendant Sessoms-Newton, whose declaration only attested to what she personally heard and saw during her investigation. (*See* Decl. of Kelly Sessoms-Newton, Dkt. 153-I.)

As to the remainder of Plaintiff's arguments, he fails to point to any controlling law or facts that the Court overlooked in granting Defendants' motion for summary judgment. Instead, Plaintiff's motion "is nothing more than a rehash of the arguments previously raised." *Image Processing Techs., LLC v. Canon Inc.*, No. CV 10-3867 SJF ETB, 2012 WL 253097, at *2 (E.D.N.Y. Jan. 26, 2012). Therefore, the Court declines to reconsider its August 17, 2017 Order granting summary judgment to Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

3

therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment and terminate this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 15, 2017
      Brooklyn, New York